03/11/04 ME

$150.00



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Edern Sales Inc.
6021 Torresdale Ave.
Philadelphia, PA. 19135

vs.

Cavalier Telephone
P.O. Box 11146
Richmond, VA. 23230-9998

CIVIL ACTION NO.

04cv1970

FILED
MAY 06
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

COMPLAINT

Edern Sales Inc., a Pennsylvania Corporation, Fed. Tax ID #230548670, and a distributor of lubrication devices for factory machinery and bearings depends on purchase orders transmitted by telephone facsimile machine (fax).

For the period of 01/01/04 thru 03/31/04, 32 (thirty two) Purchase Orders were received, and for the period 01/07/04 thru 03/31/04, (the period which the fax activity reports were generated by Edern Sales Inc. fax machine are available), 119 unsolicited advertisements were received, in violation of 47 USC sec.227(b),(1),( C )page 72, and also, 47 USC sec.227 (d),(1),(A),(B),(2) page 77, as these unsolicited advertisements sent by fax machine do not display the senders name, telephone number, or date and time of transmission as required by this section.

This has been an ongoing problem since January 1998 to the present in that when the unsolicited faxes are received, the reception of purchase orders decline significantly, creating severe economic hardship for the business. During this 6 year period remedial action has been taken including changing telephone service providers, however with unsatisfactory results.

(over)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

04cv1970

Address of Plaintiff: 6021 TORRESDALE AVE. PHILA. PA. 19135

Address of Defendant: P.O. BOX 11146 RICHMOND, VA. 23230-9998

Place of Accident, Incident, or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☑

RELATED CASE, IF ANY:

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes in answered to any of the following questions:

1.) Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☐

2.) Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☐

3.) Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐   No ☐

---

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. Federal Question Cases

1.) ☐ Indemnity Contract, Marine Contract, and all Other Contracts
2.) ☐ FELA
3.) ☐ Jones Act-Personal Injury
4.) ☐ Antitrust
5.) ☐ Patent
6.) ☐ Labor-Management Relations
7.) ☐ Civil Rights
8.) ☐ Habeas Corpus
9.) ☐ Securities Act(s) Cases
10.) ☐ Social Security Review Cases
11.) ☐ All other Federal Question Cases (Please specify)

B. Diversity Jurisdiction Cases:

1.) ☐ Insurance Contract and Other Contracts
2.) ☐ Airplane Personal Injury
3.) ☐ Assault, Defamation
4.) ☐ Marine Personal Injury
5.) ☐ Motor Vehicle Personal Injury
6.) ☐ Other Personal Injury (Please specify)
7.) ☐ Products Liability
8.) ☐ Products Liability - Asbestos
9.) ☑ All other Diversity Cases (Please specify)
   TELECOMMUNICATIONS

---

ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☑ Relief other than monetary damages is sought.

Date: 5/06/04

GERARD A. FENERTY
Print Name of Pro Se Plaintiff

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

Date: 5/06/04

Signature of Pro Se Plaintiff

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

EDERN SALES INC.
6021 TORRESDALE AVE.
PHILADELPHIA, PA. 19135
v.

CAVALIER TELEPHONE
P.O. Box 11146
RICHMOND, VA. 23230-9998

: CIVIL ACTION
:
:
:
:
: NO. 04CU1970

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a.) Habeas Corpus - Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b.) Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c.) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d.) Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e.) Special Management - Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management case.) ( )

(f.) Standard Management - Cases that do not fall into any one of the other tracks. (✓)

5/06/04
Date

GERARD A. FENERTY
Print Name of Pro Se Plaintiff

*Gerard A. Fenerty*
Signature of Pro Se Plaintiff

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.